UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PETERSON, | ) | CASE NO. 5:23-cv-1818 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| LISA COATES, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Isaac Peterson filed this action under 42 U.S.C § 1983 against Stow Municipal Court Judge Lisa Coates and Stow Police Officer Brian Hadden Haddix. The body of Peterson's complaint is very brief. It states: "Attempt to charge of fined [sic] or put a taxation on a right not a privilege." (Doc. No. 1, at 1.[1]) As his statement of his legal claims, he simply writes: "Right to travel. Invasion of property." (Doc. No. 1, at 4.) He seeks "compensation." (Doc. No. 1, at 4.)

Peterson also filed an application to proceed *in forma pauperis* (Doc. No. 2.) That application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than an unadorned accusation that the defendant unlawfully harmed him. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimum pleading requirements of Federal Civil Procedure Rule 8, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Peterson's complaint contains no factual allegations. Legal conclusions alone are not sufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 19, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**